United States District Court
Southern District of Texas
FILED

JUL 27 2021

Nathan Ochsner, Clerk

United States District Court
Southern District of Texas
**ENTERED**
July 27, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| RENE GONZALEZ-DAVILA, | § § § | |
| Petitioner, | § § | |
| VS. | § | CIVIL ACTION NO. 7:19-CV-25 |
| ROBERT FARLEY, | § § § | |
| Respondent. | § § | |

## REPORT AND RECOMMENDATION

Petitioner Rene Gonzalez-Davila, a federal prisoner proceeding pro se, filed this action seeking habeas corpus relief under 28 U.S.C. § 2241. (Docket No. 1.) Petitioner claims (primarily) that his sentence is being miscalculated by the federal Bureau of Prisons (BOP) and he requests that he be credited for four months which began on the date of his arrest. (*Id.* at ¶ 13 (Grounds One and Two).) After filing his § 2241 petition, Petitioner took no other action in this case. As such, the Court ordered Petitioner to "inform the Court whether he still intends to pursue this civil action." (Docket No. 2.) Petitioner has not complied with the order, nor has he taken any other further action in this case. This order was returned as undeliverable. (Docket No. 3.)

As discussed below, Petitioner has failed to prosecute this action, including failing to keep the Clerk advised of his current address and failing to comply with a court order. Accordingly, the undersigned recommends that this action be dismissed.

## I. BACKGROUND

At the time Petitioner filed this action seeking habeas corpus relief pursuant to 28 U.S.C. § 2241, he was serving a 46-month sentence after he pleaded guilty to illegal re-entry in violation of 8 U.S.C. § 1326(a) & (b). (*See United States v. Gonzalez-Davila*, 7:15-CR-1675-1, Cr. Docket

No. 28.) As noted, Petitioner challenges how his sentence is being "carried out," "calculated," and/or "credited" by the BOP. (Docket No. 1, ¶¶ 5, 6.) Specifically, Petitioner asserts that he "was arrested on 10-17-2015 but [he] never received all the credit" for time (four months total) that he spent in custody. (*Id.* at ¶¶ 5, 6, 13 (Ground Two).) However, after filing his § 2241 petition, Petitioner took no other action in this case. In addition, it has come to the Court's attention that he is no longer in federal custody.

As such, the undersigned ordered Petitioner to "update his address with the Clerk" and also to "inform the Court whether he still intends to pursue this civil action." (Docket No. 2.) Petitioner was also informed that he must "keep the Clerk advised in writing of his current address and to file promptly a change of address when necessary." (*Id.* at 1.) Petitioner was further warned that "[f]ailure to do so may be interpreted as failure to prosecute and may result in the dismissal of this case." (*Id.* at 2 (emphasis in original).) Petitioner failed to respond to the order. In fact, this order was returned as "undeliverable" on June 23, 2021. (Docket No. 3.)

## II. ANALYSIS

Petitioner's action is subject to dismissal for failure to prosecute. Rule 41(b) provides that an action may be involuntarily dismissed where a party "fails to prosecute or to comply with these rules or a court order." FED. R. CIV. P. 41(b). Such a dismissal may be made upon motion by the opposing party or on the court's own motion. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). While a court should be "appropriately lenient" with a party who is proceeding pro se, the "'right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)). Petitioner has failed to comply with the relevant rules and to prosecute this action.

2

As a general rule, "litigants, including prisoners, 'bear the burden of filing notice of a change of address in such a way that will bring the attention of the court to the address change.'" *Snyder v. Nolen*, 380 F.3d 279, 285 (7th Cir. 2004) (quoting *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999)). This requirement is memorialized in the Southern District of Texas Local Rules, which provide that "[a] lawyer or pro se litigant is responsible for keeping the clerk advised in writing of the current address." LR 83.4

Petitioner has failed to provide an updated address to the Clerk as required by Local Rule 83.4. As described above, the last court document sent to Petitioner was returned as undeliverable. (Docket No. 3). Additionally, Petitioner has failed to comply with the Court's order that he "inform the Court whether he still intends to pursue this civil action." (Docket No. 2, at 1.)

In short, Petitioner has failed to prosecute this action. Because Petitioner has failed to provide an updated address in compliance with Local Rule 83.4 and failed to respond to the Court's order, this case should be dismissed for failure to prosecute. *Martin v. Pearson*, 405 F. App'x 859, 860 (5th Cir. 2010) (affirming District Court's dismissal of a § 2241 habeas action where the petitioner failed to pay the $5 filing fee and failed to comply with the court's orders); *see also Lewis v. Hardy*, 248 F. App'x 589, 593 n.1 (5th Cir. 2007) (stating that "the failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute"); *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se litigants to keep apprised of their correct address); *Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018) (explaining that a district court may dismiss an action sua sponte for failure to prosecute); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440–41 (5th Cir. 2016) (explaining that a district court may dismiss an action sua sponte for failure to comply with court orders). It appears

that no lesser sanction is available, since Petitioner failed to comply with the Court's order and has taken no other action in this case.[1] *See Carey*, 856 F.2d at 1441 (dismissal without prejudice was the least drastic sanction where any attempt to provide further notice would be "a futile gesture" given pro se litigant's failure to provide a change of address).

### III. CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that Petitioner's Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket No. 1) be DISMISSED for failure to prosecute. It is further recommended that Petitioner be denied a certificate of appealability as unnecessary.[2]

### NOTICE

The Clerk shall send a copy of this Report and Recommendation to Petitioner, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on July 27, 2021.

Nadia S. Medrano
UNITED STATES MAGISTRATE JUDGE

---

[1] A copy of this Report will be sent to Petitioner at the address he provided. Should Petitioner respond to the Report by complying with the prior order (Docket No. 2), the District Court may then wish to consider whether less drastic sanctions might be appropriate.

[2] A petitioner "proceeding under § 2241 . . . is not required to obtain a certificate of appealability to pursue [a direct] appeal." *Washington v. Chandler*, 533 F. App'x 460, 461 (5th Cir. 2013) (citing *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001)).